```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MACK BUTLER,

                        Plaintiff,          ORDER
                                            11-CV-3470(JS)(ARL)
         -against-

JOHN DOES of EAST END TASK FORCE,
Suffolk County Fifth Precinct,
Patchogue, New York; Individually
and in their Official Capacities,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:     Mack Butler, pro se
                   #217709
                   Suffolk County Correctional Facility
                   100 Center Drive
                   Riverhead, NY 11901

For Defendants:    No appearances.
```

SEYBERT, District Judge:

On July 19, 2011, incarcerated pro se Plaintiff Mack Butler ("Plaintiff") filed a Complaint against "John Does of East End Task Force, Suffolk County Fifth Precinct, Patchogue, New York," alleging a violation of his civil rights pursuant to 42 U.S.C. § 1983. (Compl. at 3.) On August 8, 2011, the Court ordered the Suffolk County Attorney's Office to "attempt to ascertain the full names and badge numbers of the unidentified Defendants who participated in the incident alleged in the Complaint." (Docket Entry 5.) On September 13, 2011, the Court received a letter from the Suffolk County Attorney's Office,

objecting to the Court's August 8 Order arguing that: (1) it violated the Gift and Loan Clause of the New York State Constitution; (2) it places the County Attorney's Office in a conflict of interest situation; and (3) the Court misapplied <u>Valentin v. Dinkins</u>, 121 F.3d 72 (2d Cir. 1997). For the reasons that follow, the Court VACATES its August 8, 2011 Order and ORDERS Plaintiff to file an amended complaint.

<u>BACKGROUND</u>

The nature of Plaintiff's cause of action is as follows: On or about January 7, 2011, at approximately 7:50PM at an "apartment complex" in the village of Patchogue in Suffolk County, New York, Plaintiff and a friend were "presented by 'thirty cops,' half unmarked, and half blue and white vehicles, that raided the apartment." (Compl. at 4.) Plaintiff asserts that an unidentified number of these "Cops and Detectives" approached the truck in which Plaintiff and his friend were sitting "with guns pointed at [their] heads," and ordered them out of the vehicle and onto the ground. (<u>Id.</u>) Once Plaintiff was on the ground and in handcuffs, he asserts that "the Police" punched him in the face and head, threw him to the ground, and "continue[d] to beat the Plaintiff to death 'until' one of the unknown officers had to stop the beat[ing]." (<u>Id.</u> at 4-5.)

Plaintiff does not name any of the individual Defendants but merely identifies them as "John Does of East End

Task Force, Suffolk County Fifth Precinct, Patchogue, New York." (Compl. at 3.) The County Attorney's Office informs the Court that the "East End Task Force," is a "multi-agency task force, made up of members of the New York City Police Department; the Suffolk County Sheriff's Office; the DEA; and the Suffolk County Police Department." (Docket Entry 11, at 1.) The County Attorney's Office asserts that "[a]lthough the Suffolk County Police Department took [P]laintiff into custody and processed him at the Fifth Precinct, it is impossible to identify the officers whom [P]laintiff alleges assaulted him, out of the thirty law enforcement personnel [P]laintiff says were present at the scene." (Id. at 2.)

## DISCUSSION

In Valentin, "the Second Circuit made clear that a pro se litigant is entitled to assistance from the district court in identifying a defendant," Jefferson v. Doe, No. 08-CV-0204, 2010 WL 276198, at *1 (E.D.N.Y. Jan. 8, 2010) (citing Valentin, 121 F.3d 72), and "[t]he district court may pursue any course that it deems appropriate to further inquiry into the identify of [unidentified defendants]." Valentin, 121 F.2d at 76. "This is particularly so where the plaintiff is incarcerated, and is thus unable to carry out a full pre-trial investigation." Id. at 75.

Based on the County Attorney's Office's description of the East End Task Force, however, the Court finds that its

3

Valentin Order was premature, and it is hereby VACATED. Plaintiff stated that there were thirty members of the Task Force present on the date of the alleged incident, but he does not identify how many of those thirty Officers were involved in the alleged incident, the involvement of each individual Officer (for example, the individual "stop[ped] the beat[ing]"), or describe them in any way.

Thus, rather than order the County Attorney's Office to produce the names of all Officers present on that date who _may_ have been involved in the alleged beating, the Court ORDERS Plaintiff to file an amended complaint by November 7, 2011, that provides additional details including, but limited to: the number of Officers involved in the alleged beating; identifying physical descriptions, such as physical characteristics and what they were wearing; and a specific explanation, if possible, of each "John Doe" Defendant's role in the incident. No summonses shall issue at this time and all further proceedings shall be stayed pending Plaintiff's submission of his amended complaint. If Plaintiff timely complies with this Order, the Court may issue another Valentin order.[1] However, if Plaintiff fails to

---

[1] The Court declines to address the merits of the County Attorney's Office's arguments regarding the Gift and Loan Clause, possible conflicts of interest, and this Court's interpretation of Valentin at this time. The County Attorney's Office is not barred from reasserting these arguments if the

file his amended complaint within the time allotted, this Court may dismiss this action without further notice to Plaintiff.

## CONCLUSION

For the reasons stated above, the Court VACATES its prior Valentin Order directing the County Attorney's Office to assist Plaintiff in identifying the John Doe Defendants named in the Complaint and ORDERS Plaintiff to file an amended complaint by November 7, 2011, that contains additional details that will assist the County Attorney's Office in identifying the unnamed Defendants.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: October __4__, 2011
       Central Islip, NY

---

Court issues another Valentin order after receiving Plaintiff's Amended Complaint.

5